IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00075-MR
[CRIMINAL CASE NO. 1:15-cr-00044-MR-WCM-1]

DALLAS TRAVOLTA MCBRIDE,    )
                            )
            Petitioner,     )
                            )
vs.                         )    **O R D E R**
                            )
UNITED STATES OF AMERICA,   )
                            )
            Respondent.     )
_____ )

**THIS MATTER** is before the Court for an initial screening of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1].

**I.    PROCEDURAL BACKGROUND**

Petitioner pled guilty on December 16, 2015, to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). [Crim. Case No. 1:15-cr-44-MR-WCM-1 ("CR"), Doc. 50: Judgment, Doc. 29: Acceptance and Entry of Guilty Plea]. On June 28, 2016, this Court sentenced Petitioner to 40 months' imprisonment. [CR Doc. 50]. Judgment was entered on July 7, 2016, and Petitioner did not appeal. [Id.]. Petitioner's conviction, therefore, became final fourteen days later for purposes of Section 2255(f) when the

time for filing a notice of appeal expired.  See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); Fed. R. App. P. 4(b)(1)(A).

Petitioner placed his Section 2255 motion to vacate in the prison system for filing on February 25, 2019, and it was stamp-filed in this Court on March 1, 2019.

## II.  DISCUSSION

Petitioner brings three claims in his motion to vacate: (1) a claim that his sentence computation is incorrect, as he should have been given credit for time served based on his imprisonment in a county jail for 16 months while on a federal detainer; (2) a claim that he received ineffective assistance of counsel; and (3) a claim that this Court should have held that Petitioner's state sentence was to run concurrently to his federal sentence.  [Doc. 1 at 4, 5, 7, 8].

First, as to Petitioner's sentence computation claim, a motion asking the district court to direct the Bureau of Prisons to award a prisoner jail credit addresses the computation and execution of the sentence, rather than the sentence itself, and must be brought under § 2241 in the district of confinement.  See, e.g., United States v. Miller, 871 F.2d 488, 490 (4th Cir.

1989); Brown v. United States, No. 5:11cv155-V-2, 2011 WL 6000547 (W.D.N.C. Nov. 30, 2011). Therefore, this claim must be brought, if at all, in a § 2241 petition filed in the U.S. District Court in the district where Petitioner is confined.

As to Petitioner's claim that his federal sentence should have run concurrently to his state sentence, the Court finds that this claim has been procedurally defaulted as Petitioner failed to raise this on direct appeal. See Prewitt v. United States, 83 F.3d 812, 816 (7th Cir.1996). Furthermore, Petitioner expressly agreed in his written plea agreement to waive all claims on collateral review except for ineffective assistance of counsel and prosecutorial misconduct claims. [CR Doc. 26 at 5]. As such, this claim is barred by the appellate waiver set forth in Petitioner's plea agreement.

Finally, Petitioner's ineffective assistance claim appears to be untimely. Section 2255 imposes a one-year statute of limitations period for the filing of a motion to vacate:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is

3

> removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Court will grant Petitioner 30 days in which to explain why this claim should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

**IT IS, THEREFORE, ORDERED** that Petitioner's claims regarding his sentence are **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner shall have thirty (30) days from the entry of this Order in which to explain to the Court why his ineffective assistance of counsel claim should not be dismissed as untimely. If Petitioner does not file such explanation within (30) days from the entry of this Order, such claim may be dismissed without further notice.

**IT IS SO ORDERED.**

Signed: May 3, 2019

Martin Reidinger
United States District Judge