IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00075-MR
[CRIMINAL CASE NO. 1:15-cr-00044-MR-WCM-1]

| | |
|---|---|
| DALLAS TRAVOLTA MCBRIDE, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1].

## I. PROCEDURAL BACKGROUND

Petitioner pled guilty on December 16, 2015, to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). [Crim. Case No. 1:15-cr-44-MR-WCM-1 ("CR"), Doc. 50: Judgment, Doc. 29: Acceptance and Entry of Guilty Plea]. On June 28, 2016, this Court sentenced Petitioner to 40 months' imprisonment. [CR Doc. 50]. Judgment was entered on July 7, 2016, and Petitioner did not appeal. [Id.]. Petitioner's conviction, therefore, became final fourteen days later for purposes of Section 2255(f) when the

time for filing a notice of appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); Fed. R. App. P. 4(b)(1)(A).

Petitioner placed his Section 2255 motion to vacate in the prison system for filing on February 25, 2019, and it was stamp-filed in this Court on March 1, 2019.

Petitioner brought three claims in his motion to vacate, two of which related to Petitioner's sentencing. First, he claimed that his sentence computation was incorrect, as he should have been given credit for time served based on his imprisonment in a county jail for 16 months for a State gun charge while on a federal detainer. Second, he claimed that this Court should have held that Petitioner's state sentence was to run concurrently to his federal sentence. [Doc. 1 at 4, 7, 8]. These claims were dismissed by the Court on initial review for the reasons stated in that Order. [See Doc. 2]. Plaintiff's third claim was that he received ineffective assistance of counsel related to his sentencing. [Doc. 1 at 5]. As grounds for his ineffective assistance claim, Petitioner stated that his "counsel of record did not petition the courts to apply relevant sentencing guideline to federal sentence before sentencing on June 28, 2016. Counsel did not object to sentence being

improperly imposed without consideration of pertinent sentence guideline." [Doc. 1 at 5].

Because it appeared that Petitioner's ineffective assistance claim was untimely under Section 2255(f), the Court granted petitioner 30 days in which to explain why this claim should not be dismissed as untimely, including any reasons why equitable tolling should apply. [Doc. 2 at 3-4]. Petitioner timely filed a Response. [Doc. 3]. The Court addresses the Petitioner's response here.

## II. DISCUSSION

Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" U.S. v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S.Ct. 1605 (2004)).

Petitioner argues:

> As to the timeliness of the ineffective assistance claim, Federal Attorney Sison may not have expected the state to continue prosecution on the same charge once the federal adjudication became final. The attorney's lack of due diligence pertaining to the charge led to me having to serve two consecutive sentences when the U.S.S.G. mandate a concurrent sentence. Due diligence by the attorney could have revealed the state's intention to prosecute which would have permitted Ms. Sison to motion for a relevant conduct sentence citing the "anticipated sentence" clause in the guidelines. Counsel was also ineffective <u>because in 2016 when I made her aware of the state's intension to prosecute, she counseled against challenging the federal sentence citing 3585(b), plea concessions, the fact that she had only been appointed to represent me on the charge and not on appeal, and finally the favorable sentence which I had already received</u>.

[Doc. 3 at 1 (emphasis added) (spelling and grammatical errors in original)]. Although it seems Petitioner is attempting to implicate § 2255(f)(4), Petitioner has stated no facts in support of the application of this subdivision. Petitioner asserts that, in 2016, Petitioner's attorney was aware both of the potential for prosecution by the State on the firearms charge, that she discussed with Petitioner the rationale in not challenging the federal sentence, that Petitioner was aware of the existence of the alleged issue resulting in his current sentence at the time of his sentencing and of his attorney's alleged failure to object. As such, the Petitioner has not shown the discovery of new facts supporting his ineffective assistance claim that could not have been discovered through the exercise of due diligence under Section 2255(f)(4). See 28 U.S.C. § 2255(f)(4). Further, Petitioner makes no argument in support of the application of equitable tolling. Accordingly, the Court concludes that equitable tolling does not apply, and the one-year period of limitation began to run on July 12, 2016, 14 days after judgment was entered. See 28 U.S.C. § 2255(f)(1). Plaintiff's Section 2255 Petition was not submitted until February 25, 2019. [Doc. 1 at 13]. The Petitioner, therefore, is untimely.

Further, Petitioner's own evidence shows a lack of required prejudice resulting from any alleged ineffective assistance of counsel. In an August

31, 2018 letter from this Court in response to an inquiry by Federal Bureau of Prisons Chief John O'Brien regarding the Court's position on a retroactive designation of Petitioner's sentence as concurrent or consecutive with Petitioner's subsequently imposed state sentence, the Court stated:

> It was the intent of the Court that the sentence imposed by this Court be *consecutive* to any sentence that would thereafter impose regarding any pending matter, including 15 CRS 084541. The Judgment does not include any statement regarding the time Defendant served in state custody. <u>This indicates that the Court determined that any pending state charges were related to other matters and that any gun charges pertained to possession on dates other than that at issue herein</u>.
>
> Therefore, pursuant to 18 U.S.C. § 3621(b), the Court clarifies that the sentence set out in the Judgment in this matter was intended to run *consecutive* to any undischarged term of incarceration, whether previously or thereafter imposed.

[Doc. 3 at 12 (emphasis added)]. Accordingly, Petitioner would be unable to show the required prejudice from the ineffective assistance of counsel he alleges, in any event.[1] Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068 (1984) (petitioner must show "there is a reasonable

---

[1] Moreover, the Presentence Report shows that 15CRS84541 was actually dismissed, and Petitioner received no state sentence in that matter. [CR Doc. 47 at 13, ¶ 59]. Petitioner's state sentence pertained to a gun charge that occurred at an earlier date. [Id. at 11, ¶ 47]. As such, Petitioner's claim of ineffective assistance is based on Petitioner's misunderstanding of the facts presented in the record.

probability sufficient to undermine confidence in the outcome" to sustain a claim for ineffective assistance of counsel).

The Court, therefore, finds that Petitioner has failed to provide the Court any basis from which Petitioner's remaining claim for ineffective assistance of counsel should not be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that Petitioner's remaining Section 2255 Motion to Vacate claim based on ineffective assistance of counsel is **DENIED** and **DISMISSED**.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: June 26, 2019

Martin Reidinger
United States District Judge